IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY LYNN GALES,**

                **Plaintiff,**

    v.                                  **CASE NO. 05-3321-SAC**

**J. BYRON MEEKS, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff submitted a $150.00 payment toward the $250.00 district court filing fee. To proceed in this matter, plaintiff must either pay the remainder of the district court filing fee, or submit a motion for leave to proceed in forma pauperis under 28 U.S.C. 1915 allows for payment over time of the district court filing fee if the motion is granted.[1]

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

Plaintiff alleges constitutional error in his state criminal

---

[1] In recent correspondence, plaintiff states his intent to send an additional $200.00 payment. This would result in an overpayment of $100.00 in this case.

proceeding, namely that he was denied a probable cause hearing and his right to a speedy trial, and that insufficient evidence supported his conviction. On these allegations, plaintiff seeks damages and his release from custody.

To the extent plaintiff seeks his release based on alleged constitutional error in the state criminal proceeding, his exclusive remedy in the federal courts is a habeas petition filed under 28 U.S.C. 2254. Section 1983 is not a substitute for a habeas action. When a prisoner seeks to challenge the length or fact of his confinement, he must pursue his claim through a writ of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475 (1973), after first exhausting his state court remedies, Rose v. Lundy, 455 U.S. 509 (1982).

Court records reflect that plaintiff raised these same claims in a habeas corpus action filed under 28 U.S.C. 2254 in September 2004. *See* Gales v. Bruce, Case No. 04-3300-SAC. The court dismissed that action without prejudice, based on plaintiff's failure to exhaust state court remedies. The court also advised plaintiff of the one year limitation period for seeking federal habeas corpus relief, 28 U.S.C. 2244(d)(1), and cautioned plaintiff that any filing in a federal district court or circuit court of appeals did not toll the running of that limitation period. Plaintiff filed an appeal from the dismissal of his petition. In a mandate dated June 23, 2005, the Tenth Circuit Court of Appeals denied plaintiff a certificate of appealability

and dismissed the appeal.[2]

To the extent plaintiff seeks damages, any such claim based on the allegations in the complaint is premature. The United States Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477 486-87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. 1983. See id.

Even if Heck could be satisfied, plaintiff's claim for damages from state court judges and a county prosecutor, the sole defendants named in the complaint, is barred by the absolute immunity extended to these defendants. *See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions); Imbler v. Pachtman, 424 U.S. 409, 430

---

[2]The record thus suggests the one year period for plaintiff to seek a federal writ of habeas corpus has expired, and federal habeas relief is thereby barred absent a showing by plaintiff that he is entitled to equitable tolling of the limitation period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001).

3

(1976)(prosecutors entitled to absolute immunity for activities intimately associated with judicial phase of criminal process).

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed for the reasons stated herein.  Plaintiff's request for a court order directing plaintiff's payment of the costs for obtaining a copy of the transcript in plaintiff's state criminal trial is denied.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to pay the remaining $100.00 of the district court filing fee, or to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. 1915.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed

The clerk's office is to provide plaintiff with a form motion under 28 U.S.C. 1915.

**IT IS SO ORDERED.**

DATED:  This 3rd day of August 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge